GARNER *v.* HALLUM

Opinion delivered July 13, 1925.

1. PARTNERSHIP—DEBT OF PARTNER.—The borrowing of money by a partner, which was used in the purchase of an interest in the partnership, did not create an obligation of the co-partnership to pay the debt.

2. PARTNERSHIP—LOAN—EVIDENCE.—In the case of a loan to a partner, the preponderance of the evidence *held* to show that the loan was not made to the partnership nor for partnership uses.

3. PARTNERSHIP—BURDEN OF PROOF.—In the case of a loan made to a partner, for which he gave his individual note, the burden is on the holder of the note to show that it was a partnership liability.

4. PARTNERSHIP—SILENCE AS RATIFICATION.—Where a loan was made to a partner for which he gave his individual note, mere silence on the part of his copartner could not operate as a ratification so as to bind the firm.

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Gray & Morris,* for appellant.

*W. J. Waggoner* and *Chas. A. Walls,* for appellee.

McCULLOCH, C. J.   Appellant J. H. Garner and his wife were formerly in the mercantile business, as copartners, in the village of Coy, in Lonoke County, and in November or December, 1919, Mrs. Garner sold her interest in the business to her son, George, and thereafter the business was conducted by J. H. Garner and son, George, under the firm name of J. H. Garner & Son until November 15, 1923, when they executed a deed of general assignment for the benefit of creditors.

The consideration for the sale by Mrs. Garner to George Garner was the sum of $1000, paid in cash, and three notes for the sum of $787 each, due, one, two and three years from date.

In August, 1923, George Garner applied to his father-in-law, one of the appellees, C. B. Hallum, for help, and the latter procured a loan of $1000 from appellee England National Bank. The note for the amount borrowed was executed by George Garner and C. B. Hallum to the bank. The amount received was turned over to George Garner, and the loan has never been repaid. This action was instituted by the appellees, C. B. Hallum and England National Bank, against J. H. Garner and George Garner to recover the amount of the note and interest as a corpartnership liability and to have the partnership assets subjected to a lien for the payment of the debt. The action was originally instituted by appellee Hallum, but afterwards the bank was joined on its own motion as an intervener.

It was alleged in the complaint that the proceeds of the note were used in carrying on the partnership business of J. H. Garner & Son, and that there was an agreement at the time of the loan that, as the goods in the store were sold, the note to the bank was to be paid off. In the answer there was a denial that the debt was a partnership obligation, and it was also alleged that it was a personal obligation of George Garner alone. The

court appointed a receiver to take charge of the property, and the final decree was in favor of the two appellees for the recovery of the debt, and the receiver was ordered to sell the partnership property and use the proceeds, first, in payment of the debt to appellees, and next in distribution to other creditors. J. H. Garner alone has appealed.

J. H. Garner and George Garner both testified that the note of George Garner to the bank was a personal transaction of his own, and that the money borrowed was used by George Garner in paying off a debt to his mother as the purchase price of her interest in the stock of goods. They testified that none of the proceeds of the note was used in the business. On the other hand, appellee Hallum testified that George Garner, when he borrowed the money, represented to him that the copartnership business had not been successful, and that the money would be used in the business. He did not testify that J. H. Garner had anything to do with the borrowing of the money. The only way in which he attempts to bring J. H. Garner into the transaction is that the latter told him some time after the money was borrowed that he was aware of the fact that his son had borrowed the money.

The law applicable to the case is plain. The borrowing of money by one of the partners, used in the purchase of an interest in the partnership, does not create an obligation of the copartnership to pay the debt. *Dixie Cotton Oil Co.* v. *Morris,* 79 Ark. 113. The application of this principle to the facts of the case calls for a reversal of the decree. According to the preponderance of the evidence, the money was borrowed by George Garner individually and used in paying his debt to his mother. There is no testimony at all to the effect that J. H. Garner, the other partner, had anything to do with borrowing the money. The evidence of Hallum himself does not show that J. H. Garner was a party to the transaction or that the money was loaned to

the firm. The most that can be said about it is that George Garner told him that the business was in bad condition, and that he would use the money for the purpose of tiding the firm over. If the loan was made individually to George Garner, the mere fact that he used the money in the business, had that fact been proved, would not create liability on the part of the other partner or the firm to repay the debt. The use of the money in the firm's business by George Garner after he had borrowed it would merely create an equity in the latter's favor on the dissolution of the partnership and the winding up of the affairs. We do not think that according to the preponderance of the evidence, the money was loaned either to the partnership or for partnership uses. The note given for the loan, which is *prima facie* evidence of the character of the transaction, was executed by George Garner, and the burden is upon the holder of the note to show that it was a partnership liability, and that the note was executed for the benefit of the firm. *Jacks* v. *Greenhaw,* 105 Ark. 615.

There was no question of ratification in this case. So far as the testimony shows, it was an individual loan to George Garner, whose individual note was executed, and, as the transaction did not purport to be in the name of the firm, mere silence on the part of the other partner could not operate as a ratification so as to bind the firm.

The conclusion reached by the chancellor was erroneous, so the decree is reversed, and the cause remanded with directions to dismiss the complaint for want of equity.